## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

Peter Joseph Polinski,

                    Plaintiff,

v.                                       6:26-CV-511
                                       (GTS/MJK)

Utica City Court, *et. al.*

                    Defendants.

---

Peter Joseph Polinski, Plaintiff *pro se*

Mitchell J. Katz, U.S. Magistrate Judge

## MEMORANDUM-DECISION AND ORDER

Polinski commenced this action on March 30, 2026 by filing a Complaint. (Dkt. 1). At that time, Polinksi also filed three motions. First, Polinski filed a motion for leave to proceed *in forma pauperis* (Dkt. 2). Second, Polinski filed a motion to seal this action, or alternatively, to proceed under a pseudonym. (Dkt. 3). Third, Polinski filed a motion for a preliminary injunction. (Dkt. 4). Only Polinski's motion to seal this action, or alternatively, for leave to proceed under a pseudonym (Dkt. 3) is currently before this Court.

1

## I.    MOTION TO SEAL

Polinski's motion to seal is denied.

In support of his motion to seal, Polinski asserts that "the entire complaint involves Plaintiff's most sensitive personal identifying information including: (a) Social Security Number; (b) Birth certificate number; (c) Date of birth; (d) Financial account information; (e) Trust arrangements; (f) Beneficial ownership claims; (g) Property rights in Plaintiff's own name and identity." (Dkt. 3, pg. 2).

In *Lugosch v. Pyramid Co.,* 435 F.3d 110 (2d Cir. 2006), the Second Circuit held that "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch,* 435 F.3d 110, 120 (quoting *In re New York Times Co.*, 828 F.2d at 116 (internal quotation marks omitted)). Consistent with the holding in *Lugosch,* Local Rule 5.3 (a) provides that a "party seeking to have a document, a portion of a document, a party or an entire case sealed bears the burden of filing an application setting forth the reason(s) that the referenced material should be sealed under the governing legal standard."

2

Here, Polinski has not made the requisite showing that this case should be sealed. There is nothing in the Complaint or in the exhibits (Dkts. 1-1 through 1-9) attached thereto that warrants sealing. The Court finds that sealing of the requested documents is not necessary to preserve higher values and the request is not narrowly tailored to achieve that aim. See *Lugosch,* 435 F.3d at 124.

Moreover, a sealing order is not necessary in this case because the information that Polinski seeks to protect is governed by Local Rule 5.2 and General Order 22, §§ 11.1 and 11.2 which require that certain "personal identifiers" be redacted. Among those "personal identifiers: are: (a) social security numbers and taxpayer identification numbers; (b) dates of birth; (c) financial account numbers; (d) home addresses; (e) driver's license numbers; and (f) individual financial information. Polinski's fears about his personal information being disclosed to the public is addressed by the protections afforded by Local Rule 5.2 and General Order 22, §§ 11.1 and 11.2. It is incumbent on Polinski to comply with Local Rule 5.2. Accordingly, Polinski's motion to seal is denied.

## II.    MOTION TO PROCEED UNDER A PSEUDONYM

As an alternative to having this case sealed, Polinski requests

that he be allowed to proceed under a pseudonym. For the reasons

stated below, Polinski's motion is denied.

When evaluating a request by a party to proceed anonymously or

pseudonymously, courts conduct a "factor-driven balancing inquiry"

that requires discretion in "weighing competing interests." *Anonymous*

*v. Medco Health Solutions, Inc.*, 588 F. App'x 34 (2d Cir. 2014).

*Sealed Plaintiff v. Sealed Defendant*, sets out a non-exhaustive list

of factors to consider in balancing a plaintiff's interest in anonymity

against the public interest in disclosure and potential prejudice to

defendants. 537 F.3d 185, 189-90 (2d Cir. 2008). The factors are:

> (1) whether the litigation involves matters that are highly
> sensitive and [of a] personal nature; (2) whether identification
> poses a risk of retaliatory physical or mental harm to the . . .
> party [seeking to proceed anonymously] or even more
> critically, to innocent non-parties; (3) whether identification
> presents other harms and the likely severity of those harms,
> including whether the injury litigated against would be
> incurred as a result of the disclosure of the plaintiff's identity;
> (4) whether the plaintiff is particularly vulnerable to the
> possible harms of disclosure, particularly in light of his age;
> (5) whether the suit is challenging the actions of the
> government or that of private parties; (6) whether the
> defendant is prejudiced by allowing the plaintiff to press his
> claims anonymously, whether the nature of that prejudice (if

4

any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (cleaned up).

Applying these factors "is left to the sound discretion of the district court." *N. Jersey Media Group, Inc. v. Doe*, No. 12-CV-652), 2012 WL 5899331, at *4 (S.D.N.Y. Nov. 26, 2012) (citing *Sealed Plaintiff*, 537 F.3d at 190). The Court need only consider the applicable factors. *See id.* at 189 n.4 (explaining that a court "is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion."). And there is "a presumption that a plaintiff will proceed under [their] own name, such that pseudonyms are the exception and not the rule." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (cleaned up). "The burden is therefore on the party seeking anonymity to make a case rebutting the presumption in favor of public disclosure." *Id.* (cleaned up).

Having considered the factors enunciated in *Sealed Plaintiff*, and the arguments in his motion, the Court finds that Polinksi is not entitled to proceed pseudonymously. Polinski has not presented any facts sufficient to satisfy the Court that, among other things, the subject matter of this action is a highly sensitive matter or that he is at risk of harm. At best, the Complaint alleges that Polinski is challenging the actions of the government. Without more, that is insufficient to tip the scales in Polinski's favor. The Court therefore finds that Polinski is not entitled to proceed pseudonymously and his motion is therefore denied.

**WHEREFORE,** based on the findings above, it is hereby

**ORDERED,** that Polinski's motion to seal (Dkt. 3) is **DENIED**, and it is further

**ORDERED**, that Polinski's alternative motion to proceed under a pseudonym is **DENIED**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on Polinski by regular mail.[1]

Dated: April 1, 2026.

Hon. Mitchell J. Katz
U.S. Magistrate Judge

---

[1] The Clerk shall also provide Israel with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

North Jersey Media Group Inc. v. Doe Nos. 1-5, Not Reported in F.Supp.2d (2012)

2012 WL 5899331

🚩 KeyCite Yellow Flag

Distinguished by  One Standard of Justice, Inc. v. City of Bristol,  D.Conn., December 9, 2022

2012 WL 5899331
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

NORTH JERSEY MEDIA GROUP INC., Plaintiff,

v.

John DOE NOS. 1–5 d/b/a
Stoopidhousewives.com, Defendants.

No. 12 Civ. 6152(VM)(KNF).
|
Nov. 26, 2012.

**MEMORANDUM AND ORDER**

KEVIN NATHANIEL FOX, United States Magistrate Judge.

*Procedural Background*

 **\*1** The plaintiff commenced this copyright infringement action against John Doe Nos. 1–5 d/b/astoopidhousewives.com, alleging the defendants published on their Web site, "from April 2012 through August 2012," certain photographs without permission, infringing on the plaintiff's intellectual property rights. The plaintiff alleged that the defendants' identities are unknown to it and the "domain namestoopidhousewives.com is currently registered to Domains by Proxy, LLC, a registration service that conceals the identity of the beneficial registrant of the domain name." The assigned district judge authorized the plaintiff to serve a subpoena on Domains by Proxy, LLC "to obtain the identity of John Doe Nos. 1–5 named in this action." On September 28, 2012, the parties stipulated that Domains by Proxy, LLC will respond to the subpoena by sending information to the plaintiff's counsel but the information received will be used on an "attorney's eyes only" basis, pending resolution of the defendant's motion "for a protective order to proceed anonymously."

Before the Court is the defendant's [1] motion to proceed under the fictitious name "Stoopidhousewives.com" and for a protective order precluding the parties' counsel from disclosing the identity of the individual author and administrator of the Web site stoopidhousewives.com "outside of their respective law firms." The plaintiff opposes the motion. The defendant's request to file under seal a declaration of the "individual authordefendant" in support of the motion pending the resolution of the instant motion was granted, pursuant to Rule 5.2 of the Federal Rules of Civil Procedure.

[1]   The "defendant" is the operator, administrator and author of thestoopidhousewives.com blog Web site.

*Defendant's Contentions*

A declaration by Anthony W. Brooks ("Brooks"), an attorney representing "the website stoopidhousewives.com and the individual who operates it," was submitted in support of the motion. Brooks contends that "[a]s evidenced by the attached abusive communications, [the defendant] is vulnerable to physical and/or mental harm from the originators of such abusive communications." Attached to Brooks's declaration are various exhibits, including Exhibit A, which Brooks contends contains examples of "threats and other abusive and unsettling communications" that the Web sitestoopidhousewives.com receives on a regular basis from readers of that Web site.

The defendant contends that the instant motion should be granted because to disclose the defendant's identifying information publicly would put the defendant at risk of mental and physical abuse and will have a chilling effect on the defendant's ability to speak freely. According to the defendant, public anonymity would provide "a safeguard from retaliation and harassment," and would allow the defendant "to write freely without fear that [the defendant] can be located personally and attacked, mentally and/or physically," as shown by the abusive communications attached to Brooks's declaration, including the one, dated August 27, 2012, stating "THERE ABOUT 50 of us C-! You are going to get f—with to no return ." Morever, the defendant contends, the defendant's "actual name and other identifying information has no true relevance to this matter as the activity on the website took place without knowledge of the author's identity," and "the issues in this case are of a purely legal nature (i.e., alleged past copyright infringement), such that the public interest in [the defendant's] identity is 'atypically weak.' " The defendant contends that the disclosure of the defendant's identity is contrary to the public interest because it would weaken the defendant's First Amendment right to "publicly anonymous speech."

2012 WL 5899331

The defendant maintains that if the defendant's identifying information is disclosed publicly, the defendant "will no longer enjoy the safeguard from harassment that anonymity provides." The defendant contends that the plaintiff "will not be prejudiced by [the defendant's] proceeding under a pseudonym, since [the plaintiff's] counsel is in possession of [the defendant's] identifying information under an Attorney's Eyes Only designation per the September 28, 2012 stipulation, and [the plaintiff] can refer to [the defendant] as 'Stoopidhousewives.com' in litigation documents, such as court filings and third-party discovery, just as if [the plaintiff] were proceeding against a business entity by the same name." Thus, the defendant's "interest in free expression and preventing mental and/or physical harm far outweighs [the plaintiff's] interest in public [disclosure of the defendant's] name and other identifying information."

### Plaintiff's Contentions

 **\*2** The plaintiff contends the defendant's motion should be denied because the evidence offered in support of the motion is hearsay and not sufficient to satisfy the high standard for allowing a party to proceed under a fictitious name. According to the plaintiff, the documents submitted by the defendant "do not demonstrate that defendant would be susceptible to any physical or mental harm as a result of being named in this action." The e-mail message contained in the defendant's Exhibit A, "appears to relate to a rivalry between Stoopidhousewives.com and another blogger, who is now deceased," and "the email appears to threaten defendant's blog, not defendant's person." Similarly, the plaintiff contends, the last comment contained in Exhibit A, "simply communicates the commenter's opinion that people involved in the NJ Housewives franchise are at risk because three of the housewives are associated with a drug dealer. It is not a threat and the comment seems directed at the housewives themselves, not the author of the blog." Moreover, the plaintiff contends, the defendant does not allege "any follow up with law enforcement with respect to the alleged threats."

According to the plaintiff, allowing the defendant to proceed under a fictitious name would impair the plaintiff's ability to investigate the defendant's infringement and conduct discovery. For example, the plaintiff contends, if the defendant proceeds under a fictitious name, the plaintiff's counsel will be precluded from disclosing the defendant's identity outside of its law firm and unable to seek discovery from third-party media companies concerning their connection to or financial support of the defendant. The plaintiff contends that the "evidence suggests the

involvement of some media company in the operation of the Stoopidhousewives.com blog." Moreover, the "Court should not allow a defendant to proceed under a fictitious name to increase its chances of prevailing on the merits." The plaintiff maintains that the protective order is not warranted because the defendant failed to provide any justification "by way of authority or argument," for preventing the plaintiff from learning the identity of the defendant. According to the plaintiff, such a restriction would prevent the plaintiff from searching its files to determine whether it had any prior dealings with the defendant "that could shed substantial light on the defendant's willfulness," which would be unfair and prejudicial.

### Defendant's Reply

The defendant's declaration, filed under seal to protect the name and identifying information of the defendant pending resolution of the instant motion, states that the defendant is the operator, administrator and author of thestoopidhousewives.com blog Web site, which the defendant has operated, authored and administered since its inception, in October 2010. According to the declaration, the defendant does not operate the Web site on any third-party's behalf and has never provided any third-party, other than Domains by Proxy, LLC, with the defendant's name, address or other identifying information in connection with the operation, administration or authorship of the Web site. The defendant states that a photograph of the defendant was accessible on the Web site until approximately November 2011, when the defendant began to receive "abusive communications wherein individuals were harassing me for my contact information." The defendant contends that, to the defendant's knowledge, "no such third-party is aware of [the defendant's] identity." Moreover, the defendant has not entered into any relationship, agreement or arrangement with the Bravo television network or any other media company, organization or content provider and has never received any compensation or financial benefit from any such media company. The defendant states that the defendant is under the direction, control or authority of no entity other that the defendant.

 **\*3** The defendant contends that the plaintiff speculates about the involvement of a media company in the defendant's Web site and exaggerates the prejudice it would suffer because proceeding under a pseudonym is analogous to the plaintiff suing a business entity by the same name. The defendant maintains that the plaintiff "would receive no discovery" if it referred to the defendant by the defendant's

WESTLAW   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

2012 WL 5899331

name, "since no third party (other than Domain–By–Proxy), including any 'substantial media company,' has ever been exposed to [the defendant's] given name or other identifying information." According to the defendant, the plaintiff "ignores the profanity-laced comment from a www.stoopidhousewives.com reader dated August 27, 2012," and that disclosing publicly the defendant's name is contrary to the public interest because it would weaken the defendant's "First Amendment protection to publicly anonymous speech and no longer provide [the defendant] a safeguard from harassment at [the defendant's] home."

### Legal Standard

Rule 10 of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties." Fed.R.Civ.P. 10(a). "The intention of this rule is to apprise parties of who their opponents are and to protect the public's legitimate interest in knowing the facts at issue in court proceedings." *Doe v. Shakur,* 164 F.R.D. 359, 360 (S.D.N.Y.1996). "Among those facts is the identity of the parties." *Doe v. Deschamps,* 64 F.R.D. 652, 653 (D.Mont.1974). The "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir.2000). That right "is supported by the First Amendment." *Doe v. Del Rio,* 241 F.R.D. 154, 156 (S.D.N.Y .2006). "Judicial proceedings are an aspect of governance and thus should be open to public scrutiny in a democratic society." *Id.* at 158.

The parties do not make citation to any authority permitting a defendant to proceed in a civil action by using a pseudonym or articulating a standard governing the defendant's application to proceed in a civil action by using a pseudonym, and the Court does not find any. However, federal courts, including the Second Circuit Court of Appeals, have permitted plaintiffs to proceed by using pseudonyms under certain circumstances and have articulated standards for doing so. *See Smith v. Edwards,* 175 F.3d 99 n. 1 (2d Cir.1999) (stating, without any discussion, in a footnote to the caption that "[f]or the sake of the privacy of plaintiff's child, pseudonyms for plaintiff and his family are employed throughout this opinion); *Sealed Plaintiff v. Sealed Defendant # 1,* 537 F.3d 185, 188–90 (2d Cir.2008) (articulating the standard to be used in determining a plaintiff's application to prosecute her claims under a pseudonym).

In *Sealed Plaintiff,* the Second Circuit noted that Rule 10(a)'s requirement that a complaint name all the parties, "though

seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly. Certainly, identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id.* at 188–89 (internal quotation marks, alteration and citation omitted). The Second Circuit held that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. In addition to "other factors relevant to the particular case under consideration," the Second Circuit articulated ten non-exclusive factors that courts should consider in performing the balancing of interest analysis

 **\*4** (1) whether the litigation involves matters that are highly sensitive and of a personal nature ...; (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party seeking to proceed anonymously or even more critically, to innocent non-parties ...; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity ...; (4) whether the plaintiff is particularly vulnerable to the possible harm of disclosure, particularly in light of his age ...; (5) whether the suit is challenging the actions of the government or that of private parties ...; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court ...; (7) whether the plaintiff's identity has thus far been kept confidential ...; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity ...; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities ...; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

 *Id.* at 190 (internal quotation marks, alterations and citations omitted).

"The problem of anonymous plaintiffs involves considerations entirely different from those involving 'John Doe' defendants." *Deschamps,* 64 F.R.D. at 652–53 n. 1. The factor-balancing inquiry that must be conducted to determine

whether circumstances warrant a party in proceeding under a pseudonym is left to the sound discretion of the district court. *See Sealed Plaintiff,* 537 F.3d at 190. "A party ... from whom discovery is sought may move for a protective order," and the "court may, for good cause, issue an order to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

***Application of Legal Standard***

Absent authority on the standard governing the defendant's motion to proceed by using a pseudonym, and mindful that the concerns of proceeding under a pseudonym might differ depending on whether the party seeking to proceed by using a pseudonym is a plaintiff or a defendant, the Court will perform its balance of interests inquiry by applying the non-exclusive list of factors enumerated in *Sealed Plaintiff,* 537 F.3d at 190, as well as any other factors relevant to the circumstances of this case.

1. *Matters of a Highly Sensitive and Personal Nature*

Issues involving a highly sensitive and personal nature that are found in cases warranting the plaintiff in proceeding by using a pseudonym, include matters "such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families," in which "the normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter.' " *So. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712–13 (5th Cir.1979) (citations omitted). "A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature," and "[t]he risk that a plaintiff may suffer some embarrassment is not enough." *M.M. v. Zavaras,* 139 F.3d 798, 803 (10th Cir.1998); *see Shakur,* 164 F .R.D. at 362 ("claims of public humiliation and embarrassment ... are not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously").

**\*5** The defendant does not contend that the matters involved in this litigation are of a highly sensitive and personal nature such that protecting the privacy of the defendant by not disclosing the defendant's identity is warranted. This is an action for copyright infringement, which does not involve any issues of the utmost privacy, and this factor militates against permitting the defendant to proceed by using a pseudonym.

2. *Risk of Retaliatory Physical or Mental Harm to the Defendant or Innocent Non–Parties*

The defendant contends the defendant "could be exposed to physical and/or mental abuse at [the defendant's] place of residence," if the defendant's identity is revealed and, "in view of the threatening and abusive communications received by [the defendant] incident to [the defendant's] writing, public anonymity provides a safeguard from retaliation and harassment." The defendant fails to identify or explain anything specific in connection with the defendant's writings on the defendant's Web site that could be a source of potential retaliation and harassment. Moreover, the communications submitted as Exhibit A to Brooks's declaration do not demonstrate that revealing the defendant's identity will place the defendant or innocent parties at risk of retaliatory physical or mental harm. As the defendant contends in reply, these communications include "the profanity-laced comment from a www.stoopidhousewives.com reader dated August 27, 2012."[2] It appears, from the reader's comments in the defendant's Exhibit A, and from the plaintiff's explanation in its opposition to the motion, that the August 27, 2012 reader's comment is related "to a rivalry betweenStoopidhousewives.com and another blogger, who is now deceased." It also appears that the defendant's failure to mention the rival blogger's death on the defendant's Web site caused readers to post "the profanity-laced" comments on the defendant's Web site, such as the comments submitted on (a) "2012/08/24 at 9:34 AM," stating, in pertinent part, "all you had to do was give Lynn a damn mention, the woman died you heartless cunt"; and (b) "2012/08/27 at 10:18 PM," stating, in pertinent part, "Hey CUNT STOOPID, YOU FORGOT TO ADD WHEN PUBLISHING MY COMMENT CUNT FACT THAT ALL YOU HAD TO DO WAS MENTION LYNN HUDSON PASSING YOU STOOPID CUNT FACE COW! YOU GOT HALF YOUR READERS FROM HER YOU HEARTLESS CUNT!" Furthermore, an e-mail message, contained in Exhibit A, dated "Feb 20, 2012 at 3:59 AM," sent to the defendant's Web site, from a reader who used to support and promote the defendant's Web site, and who appears to have been blocked from accessing the defendant's Web site, does not contain any threats; rather, it expresses the reader's disappointment about being blocked from accessing the Web site. The comment dated "2012/09/24 at 5:30 PM," contained in Exhibit A, refers to "the ladies on NJ housewives especially Kathy and Melissa," and states "I believe someone associated with the NJ franchise will be killed. Considering 3 of the NJ housewives are still friendly with Kim D. A known drug trafficker. That's not a good look." It is not clear

Case 6:26-cv-00511-GTS-MJK    Document 6    Filed 04/01/26    Page 11 of 15
North Jersey Media Group Inc. v. Doe Nos. 1-5, Not Reported in F.Supp.2d (2012)
2012 WL 5899331

what relevance, if any, the "2012/09/24" comment has to the defendant's Web site or the defendant's writings, as it does not appear to involve the defendant's Web site or refer to it in any way.

[2]   In pertinent part, the August 27, 2012 comment states "HOW THE FUCK IS WANTING YOU TO MENTION LYNN's DEATH PROFANITY? Here is a comment for you cunt! YOU DON'T WANT TO LET HER POST IT, THERE ABOUT 50 of us CUNT! You are going to get fucked with no return."

**\*6** The use of profane language by readers of the defendant's Web site, by itself, is not a sufficient ground warranting the defendant's proceeding in this action by using a pseudonym. The defendant presented no evidence establishing a risk of retaliatory physical or mental harm would exist if the defendant's identity were to be revealed in this action. The defendant does not identify, in the defendant's declaration or by other evidence, any acts or omissions that the defendant perceives might pose a risk of retaliatory physical or mental harm if the defendant's identity is revealed. The defendant's declaration states only that the defendant removed the defendant's photograph from the defendant's Web site when the defendant "began to receive abusive communications wherein individuals were harassing me for my contact information." The defendant does not explain why, as the defendant contends, the defendant "could be exposed to physical and/or mental abuse at [the defendant's] place of residence," solely because the "individuals [have been] harassing [the defendant] for [the defendant's] contact information." The defendant does not explain why or in relation to what factual circumstances those "individuals" have been "harassing" the defendant for the defendant's contact information. The evidence before the Court does not support the defendant's contention that the defendant or an innocent party will be exposed to a risk of retaliatory physical or mental harm if the defendant's identity is revealed in this action, and this factor militates against granting the defendant's request to proceed by using a pseudonym.

### 3. *Whether Identification Presents Other Harm and the Severity of That Harm*

The defendant contends that harm other than "physical and/or mental" would result from revealing the defendant's identity in this action, namely, that "it would weaken [the defendant's] First Amendment protections to publicly anonymous speech." However, the defendant's proceeding

in this litigation by using a pseudonym is not a necessary condition for the defendant's publishing anonymously on the Internet. The defendant does not explain how or why revealing the defendant's identity in this action would hinder the defendant's ability to publish anonymously on the Internet. Furthermore, the defendant provides no authority for the proposition that a party to a litigation is warranted in proceeding under a pseudonym solely because it publishes anonymously on the Internet, and the Court finds none. The defendant remains free to publish anonymously on the Internet. Therefore, this factor does not weigh in favor of granting the defendant's request to proceed in this action by using a pseudonym.

### 4. *Whether the Defendant Is Particularly Vulnerable to the Possible Harm of Disclosure*

The defendant does not contend that any particular vulnerability to the possible harm of disclosure exists, other than the harm discussed above. Therefore, this factor does not support granting the defendant's request to proceed in this action by using a pseudonym.

### 5. *Whether the Suit Is Challenging the Action of the Government or Private Parties*

**\*7** Usually, where plaintiffs are suing the government, "such suits involve no injury to the Government's 'reputation,' " whereas "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm," and courts find that these consequences provide more justification for not granting a plaintiff's request for anonymity in the private parties' cases. *Wynne & Jaffe,* 599 F.2d at 713. Here, no government entity is involved that would militate in favor of granting the request to proceed by using a pseudonym, and no particular reason exists that warrants the defendant in proceeding under a pseudonym in this action.

### 6. *Prejudice to the Plaintiff, Whether the Nature of the Prejudice Differs at Different Stages of Litigation and Whether Any Prejudice Can Be Mitigated by the Court*

The plaintiff contends that it would be prejudiced if the defendant is allowed to proceed using a pseudonym, because it would impair the plaintiff's ability to investigate the defendant's alleged infringement of the plaintiff's copyright and limit its ability to conduct discovery severely, especially to seek "discovery from third-party media companies concerning their connection to, or financial support of, the

Case 6:26-cv-00511-GTS-MJK    Document 6    Filed 04/01/26    Page 12 of 15
North Jersey Media Group Inc. v. Doe Nos. 1-5, Not Reported in F.Supp.2d (2012)
2012 WL 5899331

individual who has been identified." Although the defendant's declaration states that the defendant has not entered into any relationship or agreement with any media company or received any compensation or other financial benefit from any media company, that statement cannot serve to limit or prevent the plaintiff from conducting its discovery in the way the plaintiff wishes. Moreover, the plaintiff may choose not to limit its discovery to the defendant's relationships or agreements with and compensation or financial benefits from media companies, since the scope of discovery is very broad. *See Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.,* 964 F.2d 106, 114 (2d Cir.1992). The defendant's declaration that the defendant "[has] never provided any third-party (company, individual, or otherwise) with my name, address, or other identifying information in connection with my operation, administration, or authorship of www.stoopidhousewives .com other than Domain–By–Proxy, LLC," is undermined by the defendant's statement that "a photo of myself was accessible on www .stoopidhousewives.com until approximately November 2011," since the photograph is identifying information pertinent to the defendant that was available to the public prior to November 2011. Moreover, the defendant's declaration that the defendant did not provide any third-party with the defendant's name, address or other identifying information in connection with the defendant's Web site does not support the defendant's contention, in the defendant's memorandum of law, that the plaintiff "would receive no discovery since no third party ... has ever been exposed to [the defendant's] given name or other identifying information." Many ways exist for a third-party to "be exposed" to the defendant's identifying information beyond the defendant providing the defendant's own identifying information to a third-party, and that is what the plaintiff should be entitled to learn by conducting discovery based on the defendant's identity, rather than the defendant's pseudonym.

**\*8** Since the parties are at the initial stage of the litigation, the prejudice that would attend the plaintiff at this stage, if the defendant is permitted to proceed by using a pseudonym, would be significant and the defendant's suggestion that the plaintiff conduct discovery by using a pseudonym, would not mitigate the prejudice, as explained above. Significant prejudice will also attend the plaintiff in the later stages of the proceedings, including the trial, when factfinding will depend, among other things, on the credibility of the witnesses, and the defendant's use of a pseudonym would not mitigate that prejudice. Thus, this factor does not favor granting the defendant's request to proceed by using a pseudonym.

### 7. *Whether the Defendant's Identity Has Thus Far Been Kept Confidential*

The parties stipulated that the defendant's identity remains for attorney's eyes only pending resolution of the instant motion. *See* Docket Entry No. 14. However, despite the parties' stipulation to keep the defendant's identity known to the attorneys only, pending resolution of this motion, which would militate in favor of granting the defendant's request to proceed by using a pseudonym, the fact that the defendant's photograph was available to the public on the defendant's Web site until "approximately November 2011," undermines the notion that the defendant's identity has been kept confidential thus far. Accordingly, it cannot be said that this factor weighs in favor of granting the defendant's request to proceed by using a pseudonym.

### 8. *Whether the Public's Interest in Litigation Is Furthered by Disclosure of the Defendant's Identity*

The defendant failed to address, in its motion, the public's interest in the litigation, namely its right of access to judicial proceedings. *See Advanced Textile Corp.,* 214 F.3d at 1067. The public's interest in litigation and its right of access to judicial proceedings is furthered by disclosure of the defendant's identity, since nothing in the defendant's motion suggests the contrary. Thus, this factor militates against granting the defendant's request to proceed by using a pseudonym.

### 9. *Whether, Because of the Purely Legal Nature of the Issues or Otherwise, an Atypically Weak Public Interest in Knowing the Defendant's Identity Exists*

"[W]here a lawsuit is brought solely against the government and seeks to raise an abstract question of law that affects many similarly situated individuals, the identities of the particular parties bringing the suit may be largely irrelevant to the public concern with the nature of the process." *Del Rio,* 241 F.R.D. at 158. On the other hand, "[p]rivate civil suits, individually and certainly in the aggregate, do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms"; thus, where the litigation involves, not "abstract challenges to public policies[,] but rather ... particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-

Case 6:26-cv-00511-GTS-MJK    Document 6    Filed 04/01/26    Page 13 of 15
North Jersey Media Group Inc. v. Doe Nos. 1-5, Not Reported in F.Supp.2d (2012)
2012 WL 5899331

finding and fair adjudication." *Id.* at 159. Moreover, courts are concerned that allowing a party to proceed anonymously "could unfairly impede [the nonanonymous party's] ability to impeach the ... credibility [of the party seeking to proceed anonymously] through cross examination and introduction of personal evidence at trial." *Id.* (citation omitted).

**\*9** The defendant contends that "the public interest in [the defendant's] identity is 'atypically weak,' " because "the issues in the case are of a purely legal nature (i.e., alleged past copyright infringement)." However, the defendant's contention is erroneous; this is not a case in which the issues are of a purely legal nature, such as in the case of a challenge to the constitutionality of legislation. *See, e.g., Roe v. Wade,* 410 U .S. 113, 116, 93 S.Ct. 705, 708 (1973) (involving constitutional challenges to state criminal abortion legislation). The "alleged past copyright infringement" involves fact-finding specific to the litigants in this action and open proceedings will benefit the public and the litigants, as well as serve the judicial interest in accurate fact-finding and fair adjudication. The fact-finding in this case will necessarily involve the issue of witness credibility. "[C]oncealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, ... step forward with valuable information about the events or the credibility of witnesses." *Del Rio,* 241 F.R.D. at 159. Therefore, this factor militates against granting the defendant's request to proceed by using a pseudonym.

10. *Whether Alternative Mechanisms Exist for Protecting the Confidentiality of the Party Seeking to Proceed by Using a Pseudonym*

Since the defendant did not establish that a valid basis exists for protecting the defendant's identity at the outset, no need exists to contemplate alternative mechanisms for protecting the defendant's identity. The defendant did not articulate any other factors relevant to this action that the Court should consider in determining whether the defendant should p roc eed by using a pseudonym, and the Court does not find that any other factors particular to this action warrant granting the defendant's request to proceed by using a pseudonym. The defendant made no showing of good cause for a protective order "precluding the parties' counsel from disclosing the identity of the individual author and administrator of the websitestoopidhousewives.com outside of their respective law firms."

### *Conclusion*

For the foregoing reasons, the defendant's motion to proceed under the fictitious name "Stoopidhousewives.com," and for a protective order, Docket Entry No. 8, is denied. Accordingly, the Clerk of Court is directed to unseal the document, Docket Entry No. 1, and, thereafter, enter the unsealed document on the docket sheet maintained for this action.

SO ORDERED:

### All Citations

Not Reported in F.Supp.2d, 2012 WL 5899331

---

**End of Document**
© 2026 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (3)**

| Title | PDF | Court | Date | Type |
|-------|-----|-------|------|------|
| **1. Amended Complaint and Jury Demand**<br>NORTH JERSEY MEDIA GROUP INC., Plaintiff, v. Marjorie ADAMS and John Doe Nos. 2-5, All d/b/a Stoopidhousewives.com, Defendants.<br>2012 WL 7655724 | 🗎PDF | S.D.N.Y. | Dec. 04, 2012 | Pleading |
| **2. Memorandum of Plaintiff in Opposition to a Defendant's Motion to Proceed under a Fictitious Name and for a Protective Order**<br>NORTH JERSEY MEDIA GROUP INC., Plaintiff, v. John DOE Nos. 1-5 d/b/a stoopidhousewives.com, Defendants.<br>2012 WL 6949403 | 🗎PDF | S.D.N.Y. | Oct. 11, 2012 | Motion |
| **3. Docket 1:12-CV-06152**<br>North Jersey Media Group, Inc. v. John Doe Nos. 1-5 | — | S.D.N.Y. | Aug. 10, 2012 | Docket |

WESTLAW    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

**History**

There are no History results for this citation.

WESTLAW    © 2026 Thomson Reuters. No claim to original U.S. Government Works.